IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

STATE OF WEST VIRGINIA

v  CIVIL ACTION NO.1:10-1403

TRAVIS W. BARKER

## STATE OF WEST VIRGINIA'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Comes now State of West Virginia, By Mercer County Prosecuting Attorney Scott A. Ash, and hereby moves to remand this State pretrial, misdemeanor matter back to the State Court for further proceedings. In support of the motion herein the State of West Virginia ( hereinafter " State" ) says that removal is improper as is more fully shown below.

A. Removal is not timely.

1) The criminal action now before this Court begun with an arrest after a traffic stop of Mr. Barker on July 10, 2008. Mr. Barker was arraigned before a County Magistrate on July 11,2008. This criminal action has been pending continuously since the above dates.

2) That removal is barred by 28 U.S.C. 1446 (c)(1), which states: " A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later

time."

    3) In Mr. Barker's <u>Notice of Removal</u> the removal to federal court purports to be pursuant to 28 U.S.C. 1442(a). In particular, numbered paragraph 8 of said Notice indicates removal is due to Mr. Barker having a "colorable federal defense". Such defense has exist, if at all, from the very first moment of the case herein. Good cause does not exist to excuse the filing of the <u>Notice of Removal</u> more than two years after the statutory filing deadline.

## B. Lack of Federal Question

    1) Mr. Barker's removal is predicated upon a federal question in the affirmative defense to the State carrying a concealed weapon. This defense, if fairly raised and inadequately rebutted by the State, would be a perfect or complete defense to the carrying a concealed weapon; however, there are several misdemeanor charges ( assault, speeding and registration violation ) that do not involve any federal question or defense.

    2) That the State intents to dismiss the carrying a concealed weapon charge against Mr. Barker as the State does not believe it can rebut the affirmative defense of authorization to carry. The State intents to dismiss said case, with prejudice, whether the case remains in the federal fold or is remanded back the to State court.

    For the above stated reasons the State of West Virginia respectfully requests that the matter herein be remanded back to State court.

STATE OF WEST VIRGINIA
BY COUNSEL

Scott A. Ash, Prosecuting Attorney
120 Scott St
Courthouse Annex
Princeton, WV 24740
304-487-8340
State Bar No. 0172

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 21st day of January 2011, the foregoing *State of West Virginia's Motion to Remand. . . .* was served upon the following by forwarding a true and exact copy thereof by first class mail or hand delivery:

John H. Bryan, Esq.
PO Box 366
Union, West Virginia 24983

STATE OF WEST VIRGINIA,
BY COUNSEL

_____
PROSECUTING ATTORNEY