```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**STATE OF WEST VIRGINIA,**

v.                                    CIVIL ACTION NO. 1:10-cv-01403

**TRAVIS W. BARKER,**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the State of West Virginia's motion to remand to the Circuit Court of Mercer County, West Virginia (Doc. # 4).  For reasons more fully explained herein, the court **GRANTS** the motion.

<u>**I. Factual and Procedural Background**</u>

This case centers on the allegedly unlawful arrest and subsequent prosecution of Travis W. Barker ("Barker"), a federal correctional officer with the United States Bureau of Prisons, by officials from the State of West Virginia.

On July 10, 2008, West Virginia State Trooper Claude Nathan Workman ("Workman") pulled Barker's vehicle over for a routine traffic stop.  During the stop, Workman discovered that Barker was carrying a concealed handgun without a permit.  Consequently, Workman arrested Barker and took him to the stationhouse for processing.  Both during and after his arrest, Barker maintained that he had a right to possess the concealed handgun under the federal Law Enforcement Officers Safety Act ("LEOSA").

However, neither Workman, nor the subsequent prosecuting attorney, listened to Barker's protests.  In addition, the State alleges that Barker assaulted Workman, as Workman handcuffed Barker to the floor of the stationhouse.

On July 11, 2008, the State filed a criminal complaint against Travis Barker in the Magistrate Court of Mercer County, West Virginia, alleging the following violations: (a) concealed carry of a handgun without a permit; (b) assault on a police officer; (c) speeding; and (d) having an unsigned registration card.  On October 14, 2010, the Magistrate Court of Mercer County, West Virginia, considered the Writ of Prohibition that Barker had filed and determined that his case should be transferred to the Circuit Court of Mercer County.  Exhibit A to Defendant's Notice of Removal, p. 3.  Barker removed the state criminal prosecution pending against him to this court on December 22, 2010, invoking the district court's jurisdiction under 28 U.S.C. § 1442(a)(1) ("Federal officers or agencies sued or prosecuted").  In response, the State filed its motion to remand on January 24, 2011.

In its motion to remand, the State raises two principal arguments: (a) Barker's removal of his state criminal prosecution

is untimely; and (b) there are no colorable federal defenses that Barker can assert in response to the assault charge against him.[1]

## II. Analysis

*A. Timeliness of Barker's Removal*

The time in which a defendant may remove a case under 28 U.S.C. § 1442 is governed by 28 U.S.C. § 1446(c)(1), which states that:

> A notice of removal of a criminal prosecution shall be <u>filed not later than thirty days</u> after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file notice at a later time.

28 U.S.C. § 1446(c)(1) (emphasis added). <u>See also</u> <u>In re Piskanin</u>, No. 10-3927, 2010 U.S. App. LEXIS 22943, at *6 (3d Cir. Nov. 4, 2010) (noting that removal under 28 U.S.C. § 1442(a)(1) must satisfy the thirty day requirement of 28 U.S.C. § 1446(c)(1)); <u>Morgan v. Washington</u>, 212 Fed. Appx. 606, 607 (9th Cir. 2006) (analyzing timeliness of removal under

---

[1] The motion to remand notes that "the State intends to dismiss the carrying a concealed weapon charge against Barker as the State does not believe it can rebut the affirmative defense of authorization to carry. The State intends to dismiss said case, with prejudice, whether the case remains in the federal fold or is remanded back to the State court." Motion to Remand, p. 2.

3

28 U.S.C. § 1442(a)(1) by reference to 28 U.S.C. § 1446(c)(1)'s thirty day requirement). Barker was arraigned on July 11, 2008.[2] See Docket Sheet from Mercer County Magistrate Court, attached as Court's Exhibit 1. It is clear that Barker waited almost <u>two and a half years</u> to remove this case to federal court. Such a lengthy delay is far outside the thirty days that § 1446(c)(1) prescribes.

Statutes setting forth the procedural requirements of removal, including 28 U.S.C. § 1446(c)(1), are "to be construed narrowly." <u>Brady v. Hallmark Dev. Co., L.C.</u>, No. 4:04-cv-40079, 2004 U.S. Dist. LEXIS 4649, at *9-10 (S.D. Iowa Mar. 19, 2004). "In other words, the prescribed time limits are 'mandatory and must be strictly applied.'" <u>Id</u>. (citing <u>Webster v. Dow United Tech. Composite Prod.</u>, 925 F. Supp. 727, 729 (M.D. Ala. 1996)). "Furthermore, the burden is on the removing party to establish the right to remove the action and to show compliance with the requirements of the removal statute." <u>Brady</u>, 2004 U.S. Dist. LEXIS 4649, at *10. As the court in <u>Kansas v. Jackson</u> noted,

---

[2] Barker states that he never had an arraignment "as may have been anticipated by the federal legislation." Even so, Barker does not deny having been arraigned. Barker's attempt to characterize the difference in federal and state arraignment procedures as problematic is unavailing. 28 U.S.C. § 1446(c)(1) does not require that a state court arraignment mirror what an arraignment would consist of in federal court. See <u>Oklahoma v. Naves</u>, No. CIV-07-289-FHS, 2007 U.S. Dist. LEXIS 69355, at *3 (E.D. Okla. Sept. 18, 2007) (determining sufficiency of the defendant's state arraignment by reference to the required arraignment procedures set forth by Oklahoma statutory law).

> It is a "serious step" to remove a state criminal prosecution to federal court, and "comity demands that federal courts dot their i's and cross their t's" before doing so. Wyoming v. Livingston, 443 F.3d 1211, 1225 (10th Cir. 2006), citing Mesa v. California, 489 U.S. 121, 138, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989) (stressing the "strong judicial policy against federal interference with state criminal proceedings") (internal quotation marks omitted). Thus the court does not lightly excuse a litigants' failure to fully comply with the rules governing removal of criminal cases.

Kansas v. Jackson, No. 07-40074-01-SAC, 2007 U.S. Dist. LEXIS 51290, at *3 (D. Kan. July 13, 2007).

The United States Court of Appeals for the Fourth Circuit has stated that a notice of removal is improperly filed in a federal district court if it is untimely under § 1446(c)(1). Bowen v. North Carolina, 194 F.3d 1303 (4th Cir. 1999). See also Naves, No. CIV-07-289-FHS, 2007 U.S. Dist. LEXIS 69355, at *3 (finding removal untimely where two and a half years passed between the time of defendant's arraignment and removal to federal district court); Brunson v. N.C. Dep't of Soc. Servs., No. 5:09-CT-3063-FL, 2010 U.S. Dist. LEXIS 83286, at *3-4 (E.D.N.C. Aug. 13, 2010) (denying plaintiff's motion for removal where approximately eight months passed between the time of defendant's arraignment and removal); Randolph v. Clifton T. Perkins Hosp., No. JFM-10-284, 2010 U.S. Dist. LEXIS 14624, at *4 (D. Md. Feb. 19, 2010) (dismissing defendant's request to have

her state court prosecution removed when the delay between arraignment and removal was greater than four years).

28 U.S.C. § 1446(c)(1) gives the district court discretion to allow a late removal by the defendant "for good cause shown."[3] Having reviewed the briefs submitted by the parties, the court can glean two principal reasons that Barker advances for receiving an extension of time to remove his state criminal prosecution: (a) that "Defendant had no idea that it was possible to remove his prosecution to federal court;" and (b) he did not realize until later that there was possible local prejudice against him. Defendant's Notice of Removal, pp. 3,5.

The court rejects Barker's first contention that lack of knowledge as to his right to remove the case serves as good cause. Ignorance of the law is no excuse for failure to comply with § 1446(c)(1)'s time limitations. See Jackson, 2007 U.S. Dist. LEXIS 51290, at *2 (rejecting untimely attempt to remove case under § 1446(c)(1) where pro se litigant was not aware of

---

[3] The Sixth Circuit has held that an untimely notice of removal is per se improperly filed in federal district court, when the defendant fails to first request an extension of time for good cause shown. Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir. 1993) ("Unlike the procedural requirements for removal in civil cases, section 1446(c)(1) prohibits a late filing unless the federal court first grants the petitioner leave after the petitioner establishes "good cause." 28 U.S.C. § 1446(c)(1). Thus, it follows that a late filing without leave of federal court is not a "properly" filed notice of removal. . . ."). In the instant case, despite the untimeliness of the notice of removal, Barker failed to first seek and secure an extension of time from this court.

the relevant time constraints associated with removal). In the instant case, the bar for Barker is even higher, as he is not proceeding pro se, but rather has had the aid of counsel throughout his state court proceedings.

The court also rejects Barker's assertion that he should be granted an extension because he only found out about possible local prejudice against him once the thirty day removal period had lapsed. Although the avoidance of local prejudice against a federal officer may have been an animating factor behind Congress' passage of 28 U.S.C. § 1442, the defendant must satisfy statutory requirements for removal that are unrelated to the existence of prejudice. Indeed, neither § 1442, nor § 1446(c)(1), require a showing of prejudice at all. Thus, a defendant's late realization of prejudice cannot excuse the defendant's failure to comply with the other, enumerated requirements of the removal statutes.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**, and the court **REMANDS** this case to the Circuit Court of Mercer County, West Virginia.

The Clerk is **DIRECTED** to forward a certified copy of this Memorandum Opinion and Order to all counsel of record and the Circuit Court of Mercer County, West Virginia.

It is **SO ORDERED** this 28th day of April, 2011.

                    ENTER:

                    */s/ David A. Faber*
                    David A. Faber
                    Senior United States District Judge